

$$\boxed{\text{SEALED}}$$

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Boulevard, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

1  DANIEL G. BOGDEN
   United States Attorney
2  JAMES E. KELLER
   Assistant United States Attorney
3  100 West Liberty Street, Suite 600
   Reno, Nevada  89501
4  (775) 784-5438



FILED

OCT 1 6 2012

UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY_____ DEPUTY

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

| | |
|---|---|
| 8  UNITED STATES OF AMERICA, | ) CRIMINAL INDICTMENT |
| 9           Plaintiff, | ) 2:12-CR-_383_ |
| 10          v. | ) 21 U.S.C §§ 841(a)(1) and (b)(1)(C) - Possession with Intent to Distribute One |
| 11  HOSAM SAAD AL-BADERI, VICTOR MANUEL COLINDRES HERNANDEZ, and | ) Kilogram and More of a Controlled Substance (Count One) |
| 12  SOHA ALJENABI, | ) 21 U.S.C. §§ 802(32), 813, 841(a)(1) and 841(b)(1)(C) - Possession with Intent to |
| 13          Defendants. | ) Distribute a Controlled Substance Analogue(Counts Two and Three) |
| 14 | ) |

15                                                21 U.S.C § 856(a)(1) -- Maintaining a Drug-Involved Premises (Counts Four to Six)

16
17                                                18 U.S.C § 1957 -- Money Laundering (Count Seven)

18                                                31 U.S.C § 5324(a)(1) - Structuring (Counts Eight and Nine)
19
20                                                18 U.S.C § 2 – Aiding and Abetting (Counts One to Nine)

21  THE GRAND JURY CHARGES THAT:

22                              **COUNT ONE**
    (Possession with Intent to Distribute One Kilogram and More of a Controlled Substance)
23

24      On or about April 12, 2012, in the State and District of Nevada,

25                        **HOSAM SAAD AL-BADERI,**
                  **VICTOR MANUEL COLINDRES HERNÁNDEZ, and**
26                           **SOHA ALJENABI,**

27  defendants herein, did knowingly possess with intent to distribute one kilogram and more of a

28  mixture or substance containing 3,4-Methylenedioxyprovalerone HCl ("MDPV"), a Schedule I

1  controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and
2  (b)(1)(C); and Title 18, United States Code, Section 2.

3  **COUNT TWO**
(Possession with Intent to Distribute a Controlled Substance Analogue)

4

5  On or about April 12, 2012, in the State and District of Nevada,

6  **HOSAM SAAD AL-BADERI,
VICTOR MANUEL COLINDRES HERNÁNDEZ, and
SOHA ALJENABI,**

7

8  defendants herein, did knowingly possess with intent to distribute one kilogram and more of a
9  mixture or substance containing a detectable amount of 1-Pentyl-3-(4-methyl-1-naphthoyl)indole
10  ("JWH-122"), a/k/a "spice," a Schedule I controlled substance analogue as defined in 21 U.S.C.
11  § 802(32)(A) knowing that the substance was intended for human consumption as provided in
12  21 U.S.C. § 813; all in violation of Title 21, United States Code, Sections 802(32)(A), 813, and
13  841(a)(1) and (b)(1)(C); and Title18, United States Code, Section 2.

14  **COUNT THREE**
(Possession with Intent to Distribute a Controlled Substance Analogue)

15

16  On or about April 12, 2012, in the State and District of Nevada,

17  **HOSAM SAAD AL-BADERI,
VICTOR MANUEL COLINDRES HERNÁNDEZ, and
SOHA ALJENABI,**

18

19  defendants herein, did knowingly possess with intent to distribute one kilogram and more of a
20  mixture or substance containing a detectable amount of 5-Fluoro-UR-144; 1-(5-Fluoropentyl)-3-
21  (2,2,3,3-tetramethylcyclopropoyl)indole ("XLR-11"), a/k/a "spice", a Schedule I controlled
22  substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was
23  intended for human consumption as provided in 21 U.S.C. § 813; all in violation of Title 21,
24  United States Code, Sections 802(32)(A), 813, and 841(a)(1) and (b)(1)(C); and Title 18, United
25  States Code, Section 2.

26  .   .   .

27  .   .   .

28  .   .   .

2

## COUNT FOUR
(Maintaining a Drug-Involved Premises)

On or about April 12, 2012, in the State and District of Nevada,

**HOSAM SAAD AL-BADERI,**
**VICTOR MANUEL COLINDRES HERNÁNDEZ, and**
**SOHA ALJENABI,**

defendants herein, did knowingly and intentionally use and maintain any place, namely the premises having the address of 6992 Tara Avenue, Las Vegas, Nevada, for the purpose of manufacturing, distributing and using a controlled substance, namely, one kilogram and more of MDPV, a Schedule I controlled substance, and XLR-11, a/k/a "spice," a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, and JWH-122, a/k/a "spice," a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813; all in violation of Title 21, United States Code, Section 856(a)(1); and Title 18, United States Code, Section 2.

## COUNT FIVE
(Maintaining a Drug-Involved Premises)

On or about April 12, 2012, in the State and District of Nevada,

**HOSAM SAAD AL-BADERI,**
**VICTOR MANUEL COLINDRES HERNÁNDEZ, and**
**SOHA ALJENABI,**

defendants herein, did knowingly and intentionally use and maintain any place, namely the premises having the address of 3060 North Nellis Boulevard #10, Las Vegas, Nevada, for the purpose of manufacturing, distributing and using a controlled substance; namely, marijuana, a Schedule I controlled substance, XLR-11, a/k/a "spice," a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, and JWH-122, a/k/a "spice," a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813; all in violation

1   of Title 21, United States Code, Section 856(a)(1); and Title 18, United States Code, Section

2   2.

3                                    **COUNT SIX**
                              (Maintaining a Drug-Involved Premises)

4

5               On or about April 12, 2012, in the State and District of Nevada,

6                              **HOSAM SAAD AL-BADERI,**
                         **VICTOR MANUEL COLINDRES HERNANDEZ, and**
7                                  **SOHA ALJENABI,**

8   defendants herein, did knowingly and intentionally use and maintain any place, namely the

9   premises having the address of 4300 North Pecos Road, Suite 38, Las Vegas, Nevada, for the

10  purpose of manufacturing, distributing and using a controlled substance; namely, XLR-11, a/k/a

11  "spice," a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32)(A),

12  knowing that the substance was intended for human consumption as provided in 21 U.S.C. §

13  813, and JWH-122, a/k/a "spice," a Schedule I controlled substance analogue as defined in 21

14  U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as

15  provided in 21 U.S.C. § 813; all in violation of Title 21, United States Code, Section  856(a)(1);

16  and Title 18, United States Code, Section 2.

17                                  **COUNT SEVEN**
                                   (Money Laundering)

18

19              On a date unknown to the grand jury, but not earlier than March 22, 2012 and not

20  later than April 12, 2012, in the State and District of Nevada,

21                              **HASSAM SAAD AL-BADERI,**
                         **VICTOR MANUEL COLINDRES HERNANDEZ, and**
22                                  **SOHA ALJENABI,**

23  defendants herein, aided and abetted by each other, did knowingly engage and attempt to

24  engage in a monetary transaction affecting interstate commerce in criminal derived property of

25  a value greater than $10,000, which was derived from specified unlawful activity; namely, the

26  distribution of a controlled substance analogue substance, as defined in 21 U.S.C. § 802(32)(A),

27  knowing that the substance was intended for human consumption as provided in 21 U.S.C. §

28  813; in that defendants solicited and received a check number 1046 dated March 22, 2012,

                                            4

1  issued by a financial institution in the amount of $20,800 payable to Coast-to-Coast by Superior

2  Distributors, Inc.; all in violation of Title 18, United States Code, Section 1957; and Title 18,

3  United States Code, Section 2.

**COUNT EIGHT**
(Structuring)

6      On or about February 28, 2012, in the State and District of Nevada, and elsewhere,

**HASSAM SAAD AL-BADERI,
VICTOR MANUEL COLINDRES HERNANDEZ, and
SOHA ALJENABI,**

9  defendants herein, did knowingly and for the purpose of evading the reporting requirements of

10  31 U.S.C. § 5313(a), and the regulations promulgated thereunder, did structure and aid and abet

11  in structuring, the following transaction with a financial institution, and did so as part of a pattern

12  of illegal activity involving more than $100,000 in a 12-month period; to wit: by instructing the

13  purchaser of "spice," a controlled substance analogue as defined above, to transfer into the Chief

14  Smokes LLC's account with a financial institution, number xxx157631, United States currency

15  in an amount less than $10,000, and by receiving such a deposit in the amount of $9,000 from

16  that purchaser in said account in the District of Nevada, in and affecting interstate commerce;

17  all in violation of Title 31, United States Code, Section 5324(a)(1); and Title 18, United States

18  Code, Section 2.

**COUNT NINE**
(Structuring)

21      On or about February 23, 2012, in the State and District of Nevada, and

22  elsewhere,

**HASSAM SAAD AL-BADERI,
VICTOR MANUEL COLINDRES HERNANDEZ, and
SOHA ALJENABI,**

25  defendants herein, did knowingly and for the purpose of evading the reporting requirements of

26  31 U.S.C. § 5313(a), and the regulations promulgated thereunder, did structure and aid and abet

27  in structuring, the following transaction with a financial institution, and did so as part of a pattern

28  of illegal activity involving more than $100,000 in a 12-month period; to wit: by instructing the

5

1  purchaser of "spice," a controlled substance analogue as defined above, to transfer into the Chief

2  Smokes LLC's account with a financial institution, number xxx157631, United States currency

3  in an amount less than $10,000, and by receiving such a deposit in the amount of $9,000 from

4  that purchaser in said account in the District of Nevada, in and affecting interstate commerce;

5  all in violation of Title 31, United States Code, Section 5324(a)(1); and Title 18, United States

6  Code, Section  2.

7  .   .   .

8  .   .   .

9  .   .   .

10  .   .   .

11  .   .   .

12  .   .   .

13  .   .   .

14  .   .   .

15  .   .   .

16  .   .   .

17  .   .   .

18  .   .   .

19  .   .   .

20  .   .   .

21  .   .   .

22  .   .   .

23  .   .   .

24  .   .   .

25  .   .   .

26  .   .   .

27  .   .   .

28  .   .   .

1    . . .

2    **FORFEITURE ALLEGATION ONE**

3    Upon conviction of one or more of the controlled substance offenses alleged in

4    Counts One to Six of this Indictment, the defendants,

5    **HASSAM SAAD AL-BADERI,**
     **VICTOR MANUEL COLINDRES HERNANDEZ, and**
6    **SOHA ALJENABI,**

7    shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived

8    from, proceeds obtained, directly or indirectly, as a result of the said violation[s] and any property

9    used, or intended to be used, in any manner or part, to commit, or to facilitate the commission

10   of the said violation[s], including but not limited to the following:

11        1.    CURRENCY

12        United States currency in the collective amount of $80,944.39 seized on or about April

13   12, 2012, from bank accounts numbered xxx906792, xxx157631, xxx7472176, xxx43339, and

14   xxx1021, pursuant to federal seizure warrants executed on that date which had been duly issued

15   by a Magistrate Judge of United States District Court for the District of Nevada.

16        2.    If any of the above-described forfeitable property, as a result of any act or

17   omission of the defendant(s):

18        (a) cannot be located upon the exercise of due diligence;

19        (b) has been transferred or sold to, or deposited with, a third party;

20        (c) has been placed beyond the jurisdiction of the court;

21        (d) has been substantially diminished in value; or

22        (e) has been commingled with other property which cannot be divided without

23   difficulty;

24   it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other

25   property of said defendant(s) up to the value of the forfeitable property described above.

26        **FORFEITURE ALLEGATION TWO**

27        Upon conviction of the money laundering offense as alleged in Count Seven of this

28   Indictment, the defendants,

7

1  . . .
2
3                          **HASSAM SAAD AL-BADERI,**
                    **VICTOR MANUEL COLINDRES HERNANDEZ, and**
4                              **SOHA ALJENABI,**

5  shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2), any property involved in a

6  transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable

7  to such property, pursuant to 18 U.S.C. § 982(a)(2).

8              1.      CURRENCY

9              United States currency in the collective amount of $80,944.39 seized on or about April

10  12, 2012, from bank accounts numbered xxx906792, xxx157631, xxx7472176, xxx43339, and

11  xxx1021, pursuant to federal seizure warrants executed on that date which had been duly issued

12  by a Magistrate Judge of United States District Court for the District of Nevada.

13             2.      If any of the above-described forfeitable property, as a result of any act or

14  omission of the defendant(s):

15                   (a) cannot be located upon the exercise of due diligence;

16                   (b) has been transferred or sold to, or deposited with, a third party;

17                   (c) has been placed beyond the jurisdiction of the court;

18                   (d) has been substantially diminished in value; or

19                   (e) has been commingled with other property which cannot be divided without

20  difficulty;

21  it is the intent of the United States to seek forfeiture of any other  property of said defendant(s)

22  up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as

23  incorporated by 18 U.S.C. § 982(b)(1).

24                          **FORFEITURE ALLEGATION THREE**

25             Upon conviction of one or more of the structuring offense as alleged in Counts Eight

26  and Nine of this Indictment, the defendants,

27                          **HASSAM SAAD AL-BADERI,**
                    **VICTOR MANUEL COLINDRES HERNANDEZ, and**
28                             **SOHA ALJENABI,**

1   shall forfeit to the United States pursuant to 31 U.S.C. § 5317(c)(1), any property involved in such

2   offense(s),  and any property traceable thereto, including but not limited to the sum of

3   $80,944.39, seized on or about April 12, 2012, from bank accounts numbered xxx906792,

4   xxx157631, xxx7472176, xxx43339, and xxx1021, pursuant to federal seizure warrants executed

5   on that date which had been duly issued by a Magistrate Judge of United States District Court

6   for the District of Nevada. If any of the above-described forfeitable property, as a result of any

7   act or omission of the defendant(s):

8           (a) cannot be located upon the exercise of due diligence;

9           (b) has been transferred or sold to, or deposited with, a third party;

10          (c) has been placed beyond the jurisdiction of the court;

11          (d) has been substantially diminished in value; or

12          (e) has been commingled with other property which cannot be divided without

13  difficulty;

14  it is the intent of the United States to seek forfeiture of any other  property of said defendant(s)

15  up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as

16  incorporated by 31 U.S.C. § 5317(c)(1)(B).

17          **DATED:** this *16th* day of October, 2012.

18          **A TRUE BILL:**

19

20                                          /s/
                              FOREPERSON OF THE GRAND JURY

21  DANIEL G. BOGDEN
    United States Attorney

22

23

24  JAMES E. KELLER
    Assistant United States Attorney

25

26

27

28

                                        9